UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JENNIE CULLUM,

    Plaintiff,

v.

CURTIS MORLAND et al.,

    Defendants.

Civ. No. 19-14091 (FLW) (TJB)

**MEMORANDUM & ORDER**

Plaintiff Jennie Cullum ("Plaintiff") seeks to bring a civil action asserting claims pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 5. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

While Plaintiff was incarcerated at Monmouth County Correctional Institution ("MCCI"), she had her tooth extracted, and she provides the following facts in support of her civil rights claims against "Monmouth County Dental":

> On 1/09/2018 I visited the Dental Clinic in Monmouth County (MCCI) to get [a tooth] extracted. The procedure was done. They said they pulled my whole tooth. On 1/12/2018 I had to revisit the dentist and stated I feel pain and they haven't pulled my tooth completely out. They were in denial. After x-ray taken they could see they left a piece of the tooth still in my gum. This caused pain for days. I had to endure the pain. Even after complaining they were in denial. Finally they pulled out the tooth.

These facts do not provide a basis for relief under 42 U.S.C. § 1983 against Monmouth County Dental or the dentist who performed the extraction. The Constitution requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d

1

192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment.[1]  *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003).  In order to state a claim for relief, Plaintiff must show a "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003)(citation omitted).

From the outset, Plaintiff has sued an entity – Monmouth County Dental – rather than the dentist or other medical professional who allegedly failed to extract her entire tooth.  An entity Defendant providing medical services to prisoners pursuant to a contract with the County of Monmouth, "cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability." *See Natale*, 318 F.3d at 583–84 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Here, Plaintiff would need to provide facts showing that Monmouth County Dental had a relevant policy or custom, and that the policy or custom caused the constitutional violation she alleges. *See id.* (considering standard of proof at summary judgment) (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).  Because Plaintiff has not provided facts to suggest that a policy or custom of Monmouth County Dental caused the constitutional violation, she fails to state a claim for relief against this entity Defendant, and the Court dismisses this

---

[1] It is not clear whether Plaintiff is a pretrial detainee or a convicted prisoner.  The Court assumes for purposes of this Memorandum and Order that Plaintiff is pretrial detainee and not a convicted prisoner at the time of the alleged violations, but the standard is essentially the same under Fourteenth Amendment and the Eighth Amendment, which applies to convicted prisoners.

Defendant at screening for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, even if Plaintiff had named as Defendants the medical professionals who treated her, she has not pleaded sufficient facts to show that they acted with deliberate indifference to her serious medical need. The test for "deliberate indifference" requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Natale*, 318 F.3d at 582. To demonstrate the deliberate indifference prong of *Estelle*, a plaintiff must show that a defendant was more than merely negligent in diagnosing or treating her serious medical condition. Mere medical malpractice or disagreement with the proper treatment of an illness cannot give rise to a violation of the Eighth Amendment. *White v. Napoleon*, 897 F.2d 103, 108 (3d Cir. 1990); *see also Rouse*, 182 F.3d at 197. The Court of Appeals has concluded that the deliberate indifference standard is met "when prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, or 3) prevent an inmate from receiving recommended treatment for serious medical needs, or deny access to a physician capable of evaluating the need for treatment." *Whooten v. Bussanich*, 248 F. App'x. 324, 326–27 (3d Cir. 2007) (citing *Monmouth v. Lanzaro*, 834, F.2d 326, 346–47 (3d Cir. 1987); *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)). The Third Circuit has also held that prison officials who continue a course of treatment they know is painful, ineffective, or entails a substantial risk of serious harm act with deliberate indifference. *See Rouse*, 182 F.3d at 197; *White*, 897 F.2d at 109.

Plaintiff alleges that "[t]hey were in denial" about her need for additional treatment after the extraction, but it is unclear who failed to treat her, whether the person(s) had reason to believe Plaintiff needed additional treatment, and how much time elapsed between the first and second extraction.  Plaintiff also acknowledges that she received an x-ray, which revealed the remaining tooth fragment, and remaining portion of the tooth was removed.  To the extent the tooth fragment was overlooked through negligence, such conduct is insufficient to support a deliberate indifference claim.

Plaintiff also asserts seemingly unrelated civil rights claims against private individuals.  Plaintiff alleges that Defendant Curtis Moreland was responsible for her finances and belongings while she was in jail, and he refused to answer her calls.  Plaintiff further alleges in a cryptic fashion that Defendant Donna Smith is responsible for an incident that occurred on December 10, 2016, which presumably resulted in Plaintiff's arrest and incarceration.

Plaintiff does not state claims for relief under 42 U.S.C. § 1983 (or any other federal claims) against Defendants Moreland and Smith arising from these facts.  To allege a viable claim under § 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right.[2]  *See, e.g., Moore v. Tartler*, 986 F. 2d 682, 685 (3d Cir. 1983).  Section 1983's

---

[2] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

"color of state law" requirement means that the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Akins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  This requirement thereby excludes "'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  Defendants Donna Smith and Curtis Moreland appear to be private citizens, and Plaintiff has not provided any facts to indicate that their conduct occurred under the authority of state law.  *See Cook v. Indovina*, 351 F. App'x 721, 723 (3d Cir. 2009) (per curiam) ("Cook's complaint concerns conduct by private individuals, and therefore does not state a cognizable [§ 1983] claim.")  For this reason, the Court will dismiss the Complaint at to Defendants Smith and Moreland for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  To the extent Plaintiff is seeking to bring state law claims against any of the Defendants, the Court declines supplemental jurisdiction at this time, as it has dismissed without prejudice the federal claims.[3]

---

[3] If Plaintiff files an amended complaint and states one or more federal claims for relief, the Court will address whether she has stated any state law claims for relief at that time.

At this time, the Court will administratively terminate this matter, and provide Plaintiff with leave to submit an Amended Complaint within 45 days of the date of this Memorandum and Order to the extent she can cure the deficiencies in her claims.[4]

**IT IS, THEREFORE**, on this 9th day of October 2020,

**ORDERED** that the Complaint is dismissed in its entirety for fail to state a claim for relief pursuant to the Court's screening authority under under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff may submit an Amended Complaint within 45 days to the extent she can cure the deficiencies in her federal claims; and it is further

**ORDERED** that to the extent Plaintiff seeks to bring state law claims, the Court declines supplemental jurisdiction as it has dismissed without prejudice the federal claims for relief at screening; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and **ADMINISTRATIVELY TERMINATE** this matter accordingly.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[4] Plaintiff is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over her case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. . . . By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune . . . overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially *ad hoc*, way in which courts remove cases from their active files without making any final adjudication.").